IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HERBERT HARTLEY,

Plaintiff,

No.     2:21-cv-866

v.

MILES WALLACE AND TUTLE AND TUTLE
TRUCKING, INC.,

Defendants.

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Tutle & Tutle Trucking, Inc[1]. ("Tutle & Tutle Trucking") and Miles Wallace

("Wallace") (collectively, "Defendants") hereby give notice of removal, pursuant to 28 U.S.C. §§

1332, 1441 and 1446 of the above-captioned action, formerly pending in the Fifth Judicial District

Court, County of Eddy, State of New Mexico as No. D-503-CV-2021-00555. Defendants file this

Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state

or federal court. Defendants base this removal on the following grounds:

1.      Plaintiff's Complaint was filed in the Fifth Judicial District Court of Eddy County, New

Mexico, Case No. D-503-CV-2021-00555. Exhibit A. Plaintiff asserts claims for, inter alia,

negligence, negligence per se, respondeat superior, personal injuries, and damages. *See id.*,

*generally*.

2.      Tutle & Tutle Trucking was served with the Complaint through its counsel William J.

Collins III on August 3, 2021. Exhibit B.

3.      Wallace was served with the Complaint through its counsel William J. Collins III on

August 3, 2021. *Id.*

---

[1] Incorrectly named Tutle and Tutle Trucking, Inc. in Plaintiff's Complaint.

1

4.     This Notice of Removal is filed within thirty days of August 3, 2021, as required by 28 U.S.C. § 1446(b).

5.     The United States District Court for the District of New Mexico embraces Eddy County, New Mexico, the county in which the state court action is now pending. *See* 28 U.S.C. § 111. Thus, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

7.     According to the allegations of the Complaint, Plaintiff is a citizen of New Mexico. Ex. A, Complaint, ¶ 1.

8.     Tutle & Tutle Trucking is a corporation formed in Texas with its principal place of business in Texas. Exhibit C. Tutle & Tutle Trucking is thus a non-resident defendant for diversity purposes. *See* 28 U.S.C. §1332(c)(1).

9.     "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

10.     Wallace is domiciled in Midland County, Texas and is therefore a citizen of Texas. Ex. A, Complaint, ¶ 2.

11.     The controversy between Plaintiff and Defendants is therefore between citizens of different states, and the diversity requirements of 28 U.S.C. § 1332(a) are met.

12.     Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g.*, *Laughlin v. K-Mart Corp.*, 50

F.3d 871, 873 (10th Cir. 1995). "[I]n the absence of an explicit demand for more than $75,000 . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co*., 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id*.

13.     In the Complaint, Plaintiff claims he sustained a broken right wrist, fractured clavicle and seventh rib requiring a cast *and extensive medical treatment and therapy* as a result of the accident made the basis of his suit. Ex. A, Complaint, ¶ 15 (emphasis added). Plaintiff's vehicle was deemed a total loss as a result of the crash after sustaining heavy damage to its front end. *Id*. at ¶ 16. Plaintiff's claimed damages consist of physical and emotional pain and suffering, loss of enjoyment of life, and "an enormous amount of medical bills." *Id*. at ¶ 18. In the Complaint, Plaintiff also claims that the injuries he sustained were of a permanent and debilitating nature which will cause life-long pain and suffering and will in all reasonable probability increase his future medical expenses. *See id*. at ¶ 19, 31.

14.     In this Circuit, a removing defendant must prove by a preponderance of the evidence the facts establishing that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co*., 529 F.3d 947, 954 (10th Cir. 2008). Once a defendant has shown the facts establishing the amount in controversy, a case may be remanded "only if it is 'legally certain' that the recovery (from the plaintiff's perspective) . . . will be less than the jurisdictional floor." *Id*. at 955 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)). Without in any manner passing on the merits of the Plaintiff's claims, and only taking into account the kinds of compensatory damages Plaintiff seeks and the compensatory damages awarded in similar cases, the Court can reasonably conclude that the Plaintiffs' verdict could exceed $75,000.00.

15.     Removal is timely. Defendants file this Notice within thirty days of receipt of service. Furthermore, this removal is being filed less than one year after this action was commenced in state court.

16.     Defendants have not appeared or otherwise responded to the Complaint in the State Court Action.

17.     Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office. Also, within twenty-eight days of the filing of this Notice of Removal, Defendants will file "legible copies of records and proceedings from the state court action" as required by D.N.M.LR-Civ. 81.1. No hearing has been set in the State Court Case.

18.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants are also submitted.

        WHEREFORE, Travelers hereby removes this action from the Fifth Judicial District Court of Eddy County, New Mexico to the United States District Court for the District of New Mexico.


[Signature Page Follows]

Respectfully Submitted,

**SHEEHY WARE PAPPAS GRUBBS**

By: /s/ William J. Collins II
William J. Collins III
909 Fannin Street, Suite 2500
Houston, Texas 77010
(713) 951-4603
(713) 951-1199 Fax
WCollins@sheehyware.com


**MOSS LEGAL GROUP, PLLC**

By: /s/ M. Mitchell Moss
M. Mitchell Moss
Cindy M. Vazquez
5845 Cromo Drive, Suite 2
El Paso, TX 79912
(915) 703-7307
(915) 703-7618 Fax
mitch@mosslegalsolutions.com
cindy@mosslegalsolutions.com

Attorneys for Defendants

WE HEREBY CERTIFY that a true
and correct copy of the foregoing was
submitted through "Odyssey File &
Serve" for filing and service to all
counsel of record this 2nd day of
September 2021.

BALDERRAMA LAW FIRM LLC
Frank V. Balderrama, Esq.
Celedonia I. Balderrama, Esq.
7401 Hancock Ct NE, Suite B
Albuquerque, NM 87109
(505) 900-3834 – telephone
(505) 433-2384 – facsimile
Attorneys for the Plaintiff

**MOSS LEGAL GROUP, PLLC**
By: /s/ M. Mitchell Moss
M. Mitchell Moss

**EXHIBIT A**

# CERTIFIED COPY

FILED
5th JUDICIAL DISTRICT COURT
Eddy County
7/18/2021 7:18 PM
KAREN CHRISTESSON
CLERK OF THE COURT
Naomi Jacquez

STATE OF NEW MEXICO
COUNTY OF EDDY
FIFTH JUDICIAL DISTRICT

HERBERT HARTLEY,

        Plaintiff,

vs.

No.  D-503-CV-2021-00555

Case assigned to Riley, Lisa B.

MILES WALLACE; and TUTLE and TUTLE
TRUCKING, INC.,

        Defendants.

## COMPLAINT FOR NEGLIGENCE, NEGLIGENCE *PER SE, RESPONDEAT SUPERIOR*, PERSONAL INJURIES AND DAMAGES

COMES NOW the Plaintiff, HERBERT HARTLEY, by and through his attorneys of record, BALDERRAMA LAW FIRM LLC (Frank V. Balderrama, and. Celedonia I. Balderrama), and hereby submits his Complaint for Negligence, Negligence *Per Se*, *Respondeat Superior*, Personal Injuries and Damages against Defendants, and for his causes of action, states as follows:

### PARTIES, JURISDICTION and VENUE

1.     At all times material hereto, Plaintiff HERBERT HARTLEY is a resident of the City of Loving, County of Eddy, State of New Mexico.

2.     Upon information and belief, and at all times material hereto, Defendant MILES WALLACE, (hereinafter individually referred to as "Defendant Wallace") is over eighteen (18) years of age, is a resident of the City of Midland, County of Midland County, State of Texas and may be served with process at his home located at 611 E. Interstate 20 D305, Midland, Texas 79701.

I HEREBY CERTIFY THAT THE ABOVE IS A TRUE
AND CORRECT COPY OF THE ORIGINAL FILED
ON _June 18, 2021_
WITNESS MY HAND AND SEAL THIS
_September 2, 2021_
KAREN CHRISTESSON, CLERK OF THE DISTRICT COURT
BY _____
DEPUTY

3.      Upon information and belief, and at all times material hereto, Defendant TUTLE AND TUTLE TRUCKING, INC. (hereinafter individually referred to as "Defendant Tutle"), is Incorporated and admitted to, and doing business in and under the laws of the State of New Mexico. Defendant Tutle may be served with process at its place of business located at 2000 S. Dal Paso, Street, Hobbs, New Mexico 88240.

4.      At the time of the subject collision, and at all times material hereto, Defendant Wallace was an employee and/or agent of Defendant Tutle and was acting within the course and scope of his employment and/or agency.

5.      All acts and/or omissions complained of herein, which serve as the basis for Plaintiff's Complaint, occurred in the City of Otis, County of Eddy, State of New Mexico.

6.      Jurisdiction and venue are properly before this Court pursuant to NMSA 1978, §38-3-1(F).

### STATEMENT OF FACTS

7.      At approximately 11:12 pm on July 18, 2018, Plaintiff Herbert Hartley was traveling southbound on State Road 285 in Otis, New Mexico.

8.      As the Plaintiff was approaching the intersection of State Road 285 and State Road 31 he had signaled to get back in to the outside lane of travel as he had just passed a vehicle.

9.      It was at that time that the Defendant had pulled out onto State Road 285 from State Road 31 and was traveling at an unsafe slow speed without any hazards or blinkers on to indicate to other traffic that he was traveling so slowly.

- 2 -

10.     This strip of roadway is zoned for 65mph and the Defendant was traveling 25mph; therefore, it was legally appropriate and required that the Defendant notify those travelers around him that he was traveling at an unsafe slow speed on the roadway.

11.     Unfortunately, as it was 11:12pm and the roadway was dark Plaintiff did not see the Defendant until it was too late, and he collided with the rear-end of the semi-tractor trailer that the Defendant was driving.

12.     There was nothing Plaintiff could have done to avoid the collision as he was traveling at the posted speed and in the correct lane of travel.

13.     Defendant Wallace gave no indication as to the dangerous condition he had created on the roadway for other travelers as required by the Commercial Driver's Licensing Manual.

14.     Shortly after the police arrived on scene Defendant Wallace admitted that he was traveling 25mph with no hazards on.

15.     As a result of significant impact of the collision, Plaintiff suffered injuries and damages including, but not limited to, a broken right wrist, fractured clavicle and seventh rib requiring a cast and extensive medical treatment and therapy.

16.     Plaintiff's vehicle was later deemed a total loss as a result of the crash after sustaining heavy damage to its front end.

17.     As a result of the negligent and reckless acts and/or omissions of Defendants, with a complete lack of care for the safety of others, Plaintiff suffered injuries and damages all in an amount not presently determinable, but to be proven at the time of trial.

18.     These damages include but are not limited to physical and emotional pain and suffering, loss of enjoyment of life, and an enormous amount of medical bills.

- 3 -

19.    Additionally, the injuries sustained by Plaintiff were of a permanent and debilitating nature, which will cause life-long pain and suffering.

20.    Plaintiff suffers and continues to suffer from the injuries and damages sustained due to the negligent and reckless acts and/or omissions of Defendants, without any contributing cause by the Plaintiff.

## COUNT 1: NEGLIGENCE AND NEGLIGENCE *PER SE* AS TO DEFENDANT WALLACE

21.    Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

22.    Defendant Wallace owed a duty to exercise ordinary care in connection with the ownership, operation, and maintenance of his vehicle.

23.    At all times material hereto, Defendant Wallace breached his duties to the Plaintiff, and such breaches constitute negligence, recklessness, and violations of State Regulations, which proximately caused injuries and damages to the Plaintiff.

24.    The Defendant's negligent acts and or omissions include, but are not limited to, the following:

      a.    Operating a vehicle at an unreasonable rate of speed under the existing circumstances;

      b.    Failing to keep a proper lookout;

      c.    Failing to appropriately notify others of a dangerous condition which he crated;

      d.    Failure to Yield at in Intersection;

      e.    Reckless driving; and

      f.      Violations of the New Mexico Transportation Code;

25.    New Mexico Statutes and regulations were in place and effect in New Mexico which prescribed certain actions and defined certain conduct of which Defendant Wallace violated by some of the actions as described above.

26.    Plaintiff was in a class of persons sought to be protected by these certain New Mexico Statutes and regulations.

27.    As a result, the harm and/or injury sustained by the Plaintiff was generally the type of harm and injury the New Mexico legislature, through the Statute, sought to prevent.

28.    In so acting, Defendant Wallace was negligent *per se*, including, but not limited to, his violations of NMSA 1978, §66-7-337 (*failure to use due care*); NMSA 1978 §66-8-114 (*careless driving*); NMSA 1978, §66-7-301 (*speed regulation*) and NMSA 1978, §66-7-305(A) (*speed endangerment*).

29.    The negligent and reckless acts and/or omissions of Defendant's, as described above, is and was a proximate cause of the collision on July 18, 2018, and the subsequent injuries and damages sustained by the Plaintiff.

30.    These damages include but are not limited to physical and emotional pain and suffering, loss of enjoyment of life, and medical bills.

31.    Additionally, the injuries sustained by Plaintiff were of a permanent and debilitating nature, which will cause life-long pain and suffering.

32.    Plaintiff suffered and continues to suffer from the injuries and damages he sustained due to the negligent and reckless acts and/or omissions of Defendants, without any contributing cause by the Plaintiff.

## COUNT 2: *RESPONDEAT SUPERIOR*
## AS TO DEFENDANT TUTLE AND TUTLE TRUCKING, INC.

33.     All preceding statements and allegations of the Complaint are incorporated by reference and re-alleged as if expressly set forth herein.

34.     Defendant Tutle owned the 2014 red Peterbilt semi-tractor trailer driven by Defendant Wallace at the time of the subject collision.

35.     At the time of the collision, Defendant Wallace was driving under the course and scope of his employment and/or agency with Defendant Tutle.

36.     As Defendant Wallace's employer, Defendant Tutle is legally responsible for the injuries and damages proximately caused by the negligence of Defendant Wallace under the doctrine of *respondeat superior* and other principles of agency, law and equity.

37.     In addition to being negligent under the legal principles of *respondeat superior*, and upon information and belief, Defendant Tutle was independently negligent, including, but not limited to, the following ways:

> a.      Defendant Tutle failed to properly train Defendant Wallace so that he knew and understood the laws and regulations governing his access and operation of a motor vehicle;
>
> b.      Defendant Tutle failed to adequately supervise Defendant Wallace; and
>
> c.      Defendant Tutle failed to implement appropriate safety policies and train and supervise its drivers and employees to be reasonably safe in the operation of commercial vehicles when approaching intersections of highly trafficked areas.

38.     Defendant Tutle's negligence, as described above, proximately, actually, directly and legally caused the injuries and damages to Plaintiff.

## CONCLUSION

Wherefore, Plaintiff prays for judgment against the Defendants, jointly and severally, for an amount to be ascertained by a jury at the trial of this action, and both pre-judgment and post-judgment interest, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

Respectfully submitted,

BALDERRAMA LAW FIRM LLC

*/s/Celedonia I. Balderrama*
FRANK V. BALDERRAMA, ESQ.
CELEDONIA I. BALDERRAMA, ESQ.
7401 Hancock Ct NE, Suite B
Albuquerque, NM 87109
(505) 900-3834 – *telephone*
(505) 433-2384 – *facsimile*
*Attorneys for the Plaintiff*

**EXHIBIT B**

**From:** Celedonia Balderrama <celia@balderramalawfirm.com>
**Sent:** Tuesday, August 3, 2021 5:54 PM
**To:** Willy Collins <WCOLLINS@sheehyware.com>
**Cc:** Justine Engel <JEngel@sheehyware.com>; Paul Flores <pflores@sheehyware.com>; Deborah Jameson <djameson@sheehyware.com>
**Subject:** Re: Claim No.: MTU-TTT15-0000133; Herbert Hartley

Good afternoon William,

Attached please find the Complaint as well as the Summons to be served on your client Tutle & Tutle Trucking.

Respectfully,
Celia

---

**From:** Willy Collins <WCOLLINS@sheehyware.com>
**Date:** Monday, July 19, 2021 at 9:42 AM
**To:** Celedonia Balderrama <celia@balderramalawfirm.com>
**Cc:** Justine Engel <JEngel@sheehyware.com>; Paul Flores <pflores@sheehyware.com>; Deborah Jameson <djameson@sheehyware.com>
**Subject:** RE: Claim No.: MTU-TTT15-0000133; Herbert Hartley

Yes



**William J. Collins, III**
Of Counsel

wcollins@sheehyware.com
P (713) 951-4603
F (713) 951-1199
C (832) 264-2100

909 Fannin Street
Suite 2500
Houston, Texas 77010

www.sheehyware.com | bio | vCard

A TEXAS FIRST LAW FIRM®

Confidentiality Notice:  This e-mail may contain confidential information, which is subject to the attorney-client, work product and/or other privileges.  If you have received this e-mail in error, we would appreciate your immediate notification to us to arrange for the return of all copies of the e-mail.  You should also delete this transmission from your computer and/or server.

---

**From:** Celedonia Balderrama <celia@balderramalawfirm.com>
**Sent:** Sunday, July 18, 2021 8:21 PM
**To:** Willy Collins <WCOLLINS@sheehyware.com>
**Cc:** Justine Engel <JEngel@sheehyware.com>; Paul Flores <pflores@sheehyware.com>; Deborah Jameson <djameson@sheehyware.com>
**Subject:** Re: Claim No.: MTU-TTT15-0000133; Herbert Hartley

Good evening William,

That's great, thank you for the update. I have had no luck with Alexis as I sent her a demand over six months ago and have not received a response. Will you be accepting service on behalf of Tutle?

Respectfully,
Celia

**EXHIBIT C**

ARTICLES OF INCORPORATION
OF
**TUTLE & TUTLE TRUCKING, INC.**

FILED
In the Office of the
Secretary of State of Texas

FEB 0 8 2002

Corporations Section

### ARTICLE ONE

The name of the Corporation is TUTLE & TUTLE TRUCKING, INC.

### ARTICLE TWO

The period of its duration is perpetual.

### ARTICLE THREE

The purpose for which the Corporation is organized is the transaction of any and all lawful business for which a corporation may be incorporated under the Texas Business Corporation Act.

### ARTICLE FOUR

The aggregate number of shares which the Corporation shall have authority to issue is One Million (1,000,000). The shares shall have a par value of One Dollar.

### ARTICLE FIVE

The Corporation will not commence business until it has received consideration equal to or exceeding the value of $1,000.00, consisting of money, labor done, or property actually received, for the issuance of its shares.

### ARTICLE SIX

The street address of its initial Registered Office, and the name of its initial Registered Agent at this address is as follows:

TOMMY PAUL TUTLE
3672 HIGHWAY 67 WEST
P.O. BOX 3336
CLEBURNE, TEXAS 76033

## ARTICLE SEVEN

The number of initial Directors is TWO.  The name and address of the initial Directors are:

      1)   TOMMY PAUL TUTLE, 1245 WEDGEWOOD, CLEBURNE, TEXAS 76033

      2)   GARY DEVON TUTLE, 1222 WEDGEWOOD, CLEBURNE, TEXAS  76033

## ARTICLE EIGHT

The corporation shall indemnify to the full extent permitted by law any person who is made a named defendant or respondent in any action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative, or in any appeal in such an action, suit or proceeding, by reason of the fact that he or she is or was a director, advisory director or officer of the corporation, against all expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by such director, advisory director or officer in connection with any such action, suit or proceeding.  The corporation may indemnify other persons, as permitted by law.  The corporation shall pay or reimburse expenses to directors, advisory directors and officers and may pay or reimburse expenses to other persons, as permitted by law.  The corporation may purchase and maintain insurance, create a trust fund, establish any form of self-insurance, secure its indemnity obligation by grant of a security interest or other lien on the assets of the corporation,

establish a letter of credit, guaranty or surety arrangement, or other arrangement on behalf of directors, advisory directors, officers or other persons, against any liability asserted against such persons in their capacities as directors, advisory directors, officers or otherwise, of the corporation, whether or not the corporation would have the power to indemnify such directors, advisory directors, officers or other persons against such liability, as permitted by law.

## ARTICLE NINE

Any director of the corporation shall not be personally liable to the corporation or its shareholders for monetary damages for an act or omission in the director's capacity as a director; provided, however, that this Article Nine shall not eliminate nor limit the liability of a director to the extent the director is found liable for:

(a) a breach of a director's duty of loyalty to the corporation or its shareholders;

(b) an act or omission not in good faith that constitutes a breach of duty of the director to the corporation or an act or omission that involves intentional misconduct or a knowing violation of the law;

(c) a transaction from which a director received an improper benefit, whether or not the benefit resulted from any action taken within the scope of the director's office;

(d) an act or omission for which the liability of a director is expressly provided by an applicable statute.

Any repeal or modification of this Article Nine shall be prospective only and shall not adversely affect any right of protection of

**ARTICLES OF INCORPORATION - Page 3**

a director of the corporation existing at the time of such repeal or modification for any breach covered by this Article Nine which occurred prior to such repeal or modification.

## ARTICLE TEN

The name and address of the Incorporators are:

1)  TOMMY PAUL TUTLE, 1245 WEDGEWOOD, CLEBURNE, TEXAS 76033

2)  GARY DEVON TUTLE, 1222 WEDGEWOOD, CLEBURNE, TEXAS  76033

IN WITNESS WHEREOF:  I have hereunto set my hand this 7th day of FEBRUARY, 2002.

*Tommy Paul Tutle*
TOMMY PAUL TUTLE, INCORPORATOR

*Gary Devon Tutle*
GARY DEVON TUTLE, INCORPORATOR

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me this the 7th day of FEBRUARY, 2002, by TOMMY PAUL TUTLE, to which witness my hand and seal of office.
(SEAL)


RENEE GIST
Notary Public
STATE OF TEXAS
My Comm. Exp. 11/29/2005

*Renee Gist*
NOTARY PUBLIC, STATE OF TEXAS

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me this the 7th day of FEBRUARY, 2002, by GARY DEVON TUTLE, to which witness my hand and seal of office.
(SEAL)

RENEE GIST
Notary Public
STATE OF TEXAS
My Comm. Exp. 11/29/2005

*Renee Gist*
NOTARY PUBLIC, STATE OF TEXAS

ARTICLES OF INCORPORATION - Page 4

# Texas Franchise Tax Public Information Report

05-102
(Rev.9-11/30)
FORM
Comptroller
of Public
Accounts

*To be filed by Corporations , Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

■ Tcode 13196 Franchise

| ■ Taxpayer number | ■ Report year | |
|---|---|---|
| 1 7 5 3 0 2 3 2 3 1 7 | 2 0 2 0 | *You have certain rights* under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600. |

| Taxpayer name | **TUTLE & TUTLE TRUCKING INC** | | | |
|---|---|---|---|---|
| Mailing address | **3672 W HIGHWAY 67** | | | Secretary of State (SOS) file number or Comptroller file number |
| City **CLEBURNE** | State **TX** | ZIP Code **76033** | Plus 4 | **0800053386** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office **3672 W HIGHWAY 67, CLEBURNE TX 76033**

Principal place of business **3672 W HIGHWAY 67, CLEBURNE TX 76033**

*Please sign below!* Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

1753023231720

**SECTION A** Name, title and mailing address of each officer, director or manager.

| Name **TOMMY PAUL TUTLE** | Title **TREASURER** | Director ● YES | Term expiration | m m | d d | y y |
|---|---|---|---|---|---|---|
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | | State **TX** | | ZIP Code **76092** | |
| Name **TOMMY PAUL TUTLE** | Title **DIRECTOR** | Director ● YES | Term expiration | m m | d d | y y |
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | | State **TX** | | ZIP Code **76092** | |
| Name **TOMMY PAUL TUTLE** | Title **DIRECTOR** | Director ● YES | Term expiration | m m | d d | y y |
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | | State **TX** | | ZIP Code **76092** | |

**SECTION B** Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter the information required for each corporation or LLC, if any, that owns an interest of 10 percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company **TUTLE HOLDING LLC** | State of formation **TX** | Texas SOS file number, if any **801502131** | Percentage of ownership **100.0** |
|---|---|---|---|

Registered agent and registered office currently on file. *(see instructions if you need to make changes)*   ○ Blacken circle if you need forms to change the registered agent or registered office information.

Agent: **TOMMY PAUL TUTLE**

| Office: **3672 HIGHWAY 67 WEST P.O.BOX 3336** | City **CLEBURNE** | State **TX** | ZIP Code **76033** |
|---|---|---|---|

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here ▶ **Maretta  Fry** | Title **Electronic** | Date **09-02-2020** | Area code and phone number ( ) - |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

## Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC) and Financial Institutions*
**This report MUST be signed and filed to satisfy franchise tax requirements**

Comptroller 05-102
of Public (Rev.9-11/30)
Accounts
FORM

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | | ■ Report year | | | | **You have certain rights** under Chapter 552 and 559, Government Code, to review, request, and correct information we have on file about you. Contact us at (800) 252-1381or (512) 463-4600. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7 | 5 | 3 | 0 | 2 | 3 | 2 | 3 | 1 | 7 | 2 | 0 | 2 | 0 | |

| Taxpayer name | **TUTLE & TUTLE TRUCKING INC** | | |
|---|---|---|---|
| Mailing address | **3672 W HIGHWAY 67** | | Secretary of State (SOS) file number or Comptroller file number |
| City **CLEBURNE** | State **TX** | ZIP Code **76033** Plus 4 | **0800053386** |

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | **3672 W HIGHWAY 67, CLEBURNE TX  76033** |
|---|---|
| Principal place of business | **3672 W HIGHWAY 67, CLEBURNE TX  76033** |

*Please sign below!*

Officer, director and manager information is reported as of the date a Public Information Report is completed. The information is updated annually as part of the franchise tax report. There is no requirement or procedure for supplementing the information as officers, directors, or managers change throughout the year.

1753023231720

**SECTION A**  Name, title and mailing address of each officer, director or manager.

| Name | Title | Director | | m m d d y y |
|---|---|---|---|---|
| **DIANNA F TUTLE** | **VICE PRESI** | ○ YES | Term expiration | |
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | State **TX** | | ZIP Code **76092** |
| Name **TOMMY PAUL TUTLE** | Title **DIRECTOR** | ● YES Director | Term expiration | m m d d y y |
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | State **TX** | | ZIP Code **76092** |
| Name **TOMMY PAUL TUTLE** | Title **PRESIDENT** | ● YES Director | Term expiration | m m d d y y |
| Mailing address **415 MARSHALL RD** | City **SOUTHLAKE** | State **TX** | | ZIP Code **76092** |

**SECTION B**  Enter the information required for each corporation or LLC, if any, in which this entity owns an interest of 10 percent  or more.

| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter the information required for each corporation or LLC, if any, that owns an interest of 10  percent or more in this entity or limited liability company.

| Name of owned (parent) corporation or limited liability company | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file.  *(see instructions if you need to make changes)* | | ○ Blacken circle if you need forms to change the registered agent or registered office information. | |
|---|---|---|---|
| Agent: **TOMMY PAUL TUTLE** | | | |
| Office: **3672 HIGHWAY 67 WEST P.O.BOX 3336** | City **CLEBURNE** | State **TX** | ZIP Code **76033** |

The above information is required by Section 171.203 of the Tax Code for each corporation or limited liability company that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B, and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director or manager and who is not currently employed by this, or a related, corporation or limited liability company.

| sign here▶ **Maretta Fry** | Title **Electronic** | Date **09-02-2020** | Area code and phone number ( ) - |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ○ | PIR IND ○ |
|---|---|

**FILED**
**In the Office of the**
**Secretary of State of Texas**

**JUN 04 2009**

**Corporations Section**

**ARTICLES OF AMENDMENT**
**TO THE**
**ARTICLES OF INCORPORATION OF**
**TUTLE & TUTLE TRUCKING, INC.**

Pursuant to the provisions of Article 4.04 of the Texas Business Corporation Act, the undersigned corporation adopts the following Articles of Amendment to its Articles of Incorporation:

1.  The name of the corporation is TUTLE & TUTLE TRUCKING, INC. (the "Corporation").

2.  The following amendments to the Articles of Incorporation of the Corporation were adopted by the unanimous written consent of the Board of Directors and the Shareholders, effective _5-4-09_____, 2009.

3.  The full text of Article Four of the Articles of Incorporation of the Corporation, as amended by this instrument, is as set forth below:

"ARTICLE FOUR

The aggregate number of shares of Common Stock which the Corporation will have authority to issue is One Million (1,000,000), and each share of Common Stock will have a par value of five cents per share. Of the One Million (1,000,000) shares of Common Stock authorized, Fifty Thousand (50,000) shares of Common Stock will be designated "voting common" and will have voting rights equal to one (1) vote per voting common share and Nine Hundred Fifty Thousand (950,000) shares of Common Stock will be designated "non-voting common" and will have no voting rights whatsoever unless otherwise provided by law. The shares of Common Stock designated as voting common and the shares of Common Stock designated as non-voting common will not be considered separate classes of stock except for any such instance where non-voting common shareholders have a right to vote as required by law. Then, in such instance, the non-voting common shares and the voting common shares will each be considered a separate class of stock and each such class must satisfy the voting requirements as specified by law."

4.  The number of shares of the Corporation outstanding at the time of the adoption of the amendment set forth herein was One Thousand (1,000). The number of shares entitled to vote on such adoption was One Thousand (1,000). No shares were entitled to vote as a class.

5.  The holders of the One Thousand (1,000) shares of Common Stock outstanding and entitled to vote on the above described amendment have signed a consent in writing adopting said amendment, effective _5-4-09_____, 2009. The holders of the One Thousand (1,000) shares of Common Stock outstanding and entitled to vote on said amendment voted for the adoption of said amendment. No holder of shares of Common Stock outstanding and entitled to vote on said amendment voted against the adoption of said amendment. No shares of Common Stock were entitled to vote as a class.

221508v1

6.    The above amendment to the Articles of Incorporation made by this instrument has been approved in the manner required by the Texas Business Corporation Act and the constituent documents of the Corporation.

7.    All shares of Common Stock previously issued by the Corporation will be deemed to have been issued as voting common shares and no exchange or cancellation of shares will be required by these Articles of Amendment.

Effective _5-4-09_____, 2009.

TUTLE & TUTLE TRUCKING, INC.

By: _Tommy Paul Tutle_____
    Tommy Paul Tutle, President

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hartley, Herbert

**(b)** County of Residence of First Listed Plaintiff   Eddy County, NM
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Balderrama Law Firm LLC, Frank V. Balderrama and
Celedonia I. Balderrama 7401 Hancock Ct NE, Suite B,
Albuquerque, NM 87109, (505) 900-3834

## DEFENDANTS

Wallace, Miles and Tutle and Tutle Trucking, Inc.

County of Residence of First Listed Defendant   Midland County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

(see attachment)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446
Brief description of cause:
Plaintiff's Original Complaint, Personal Injury Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   09/21/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**ATTACHMENT TO JS 44 CIVIL COVER SHEET**

**DEFENDANTS**

I. (c) Attorneys

**SHEEHY WARE PAPPAS GRUBBS**

William J. Collins III

909 Fannin Street, Suite 2500

Houston, Texas 77010

(713) 951-4603

and

**MOSS LEGAL GROUP, PLLC**

M. Mitchell Moss

Cindy M. Vazquez

5845 Cromo Drive, Suite 2

El Paso, TX 79912

(915) 703-7307

Attorneys for Defendants